THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>EMPLOYERS INSURANCE COMPANY OF WAUSAU, A LIBERTY MUTUAL COMPANY,<br><br>Defendant. | No. 2:22-cv-01538-RAJ<br><br>**PLAINTIFF'S MOTION TO REMAND** |

## I. INTRODUCTION

Plaintiff, The Board of Regents of the University of Washington (the "University"), respectfully requests that the Court remand this action back to the King County Superior Court. The University sued Defendant Employers Insurance Company of Wausau ("Insurer") in Superior Court, asserting state law claims based on Insurer's wrongful refusal to provide coverage under a series of "all risk" insurance policies. Despite knowing that the University is an "arm of the state" of Washington and, therefore, not a "citizen" of any state for diversity purposes, Insurer removed this matter to federal court purportedly based on the diversity of citizenship of the parties. No such diversity exists and Insurer's actions, in the face of direct and recent law holding to the contrary, borders on frivolous. Because there is no federal subject matter jurisdiction over this action, the Court should remand this case to Superior Court.

PLAINTIFF'S MOTION TO REMAND - 1
159076336.5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## II. PROCEDURAL BACKGROUND

Insurer issued five "all risk" Premier Property Protector insurance policies (the "Policies") to the University. The Policies generally provide coverage for property damage, business interruption losses, and extra expenses. As a result of the COVID-19 pandemic, the University suffered property loss and/or damage, business interruption losses, and other expenses related to its properties and tendered notices of claims under each of the Policies. Insurer denied coverage for the University's claims, taking the position that coverage under the Policies was not triggered because, among other things, COVID-19 could not as a matter of law cause physical loss or damage to insured property.

The University filed its Complaint against Insurer on September 23, 2022 in King County Superior Court, the jurisdiction where the University's insured properties are located and where the Policies were delivered to the University. The University filed its First Amended Complaint on October 20, 2022. The claims asserted by the University arise under state law only. *See* ECF No. 1-2. Despite the University informing Insurer that removal was inappropriate under applicable law, Insurer removed the case to federal court on October 28, 2022, asserting that the "State Court Action is removable under 28 U.S.C. § 1441(b) because this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)." ECF No. 1 at 2. Counsel for the University met and conferred with counsel for Insurer on November 18, 2022, prior to filing this motion, including discussing the substance of the motion, but Insurer's counsel refused to remand the case to state court. *See* Declaration of James M. Davis at 6.

As explained in detail below, Insurer's removal ignores binding state and federal precedent that has repeatedly recognized that the University is not a "citizen" of Washington, but rather, is an "arm of the state" of the state of Washington. The University accordingly files this motion to properly return its claims to Superior Court. The University also requests that the Court award it fees and costs for doing so.

PLAINTIFF'S MOTION TO REMAND - 2
159076336.5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

### III. STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove an action originally filed in state court only if the federal court would have original jurisdiction over the subject matter of the action—that is, if the action either raises a question of federal law or satisfies the requirements for diversity jurisdiction. 28 U.S.C. §§ 1331, 1332(a), 1441(a)-(b); *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009). Federal courts have diversity jurisdiction if (1) there is complete diversity between the adverse parties to the action and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

In construing federal removal statues, the Court applies a strong presumption against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Hunter*, 582 F.3d at 1042. The defendant bears the burden of establishing diversity jurisdiction, and "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Norwood v. Kirkpatrick*, 349 U.S. 29, 35 (1955) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, (1947)); *see also Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684-85 (9th Cir. 2006).

The presumption against removal carries an even greater weight in this case where, as explained below, binding precedent dictates that there is no basis for federal subject matter jurisdiction. The case, therefore, must be remanded.

### IV. ARGUMENT

Diversity jurisdiction does not exist in this case because there is no complete diversity between the parties.[1] Insurer asserts that the University is a citizen of Washington and Insurer is a citizen of the states of Wisconsin and Massachusetts for diversity purposes. ECF No. 1 at 2.

---

[1] Insurer alleges that this action is removable solely pursuant to this Court's diversity jurisdiction. *See* ECF No. 1 at 2. In any event, federal question jurisdiction also does not exist. *See* 28 U.S.C. § 1331.

PLAINTIFF'S MOTION TO REMAND - 3
159076336.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

However, a governmental entity cannot be considered a "citizen" of any state for purposes of diversity jurisdiction if (1) the entity is an arm or alter ego of a state itself; and (2) the state has a real interest in the controversy (as compared to a general government interest). *Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973); *Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 737 (9th Cir. 2011). The Washington Supreme Court, the Ninth Circuit, and this Court have clearly, unequivocally, and repeatedly held that the University is an "arm or alter ego" of the state of Washington and therefore cannot be a state citizen for purposes of diversity jurisdiction.

### A. The University is an "Arm or Alter Ego" of the State of Washington and Cannot Be a Citizen for Diversity Jurisdiction Purposes.

When a state is party to litigation, there is no federal diversity jurisdiction because (1) such jurisdiction requires, among other things, that the parties be "citizens" of different states and (2) a state is not a "citizen" for purposes of diversity jurisdiction. *Moor*, 411 U.S. at 716 ("There is no question that a State is not a 'citizen' for purposes of the diversity jurisdiction."); *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970) ("[N]either a state nor a state agency c[an] be a party to a diversity action"). A "political subdivision" of a state is also not a "citizen" diversity purposes so long as it is considered "the arm or alter ego of the State[.]" *Moor*, 411 U.S. at 717.

There is general consensus in the federal courts that the "arm of the state" test is the same for purposes of both diversity jurisdiction and Eleventh Amendment immunity, which prohibits suits against states (including any "arm of the state") by private citizens in federal court. *See, e.g.*, *Ronwin v. Shapiro*, 657 F.2d 1071, 1073 (9th Cir. 1981) ("[A] similar rule controls the determination of diversity jurisdiction [and Eleventh Amendment immunity] when individual state officers or agencies are named in lieu of the state."); *Quest Nutrition, LLC v. Bd. of Supervisors of LSU Agric. & Mech. Coll.*, No. CV 14-02005 SJO EX, 2014 WL 3362061, at *7 (C.D. Cal. July 8, 2014) ("To determine if LSU qualifies as an arm of the state, and thus is not a citizen of the state for diversity purposes, this Court applied the test used to determine if a defendant is an 'arm of the

PLAINTIFF'S MOTION TO REMAND - 4
159076336.5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

state' for sovereign immunity purposes."); *Befitel v. Global Horizons, Inc.*, 461 F. Supp. 2d 1218, 1221 (D. Haw. 2006) (collecting cases finding that the "arm of the state" test for Eleventh Amendment immunity is the same test to be applied for purposes of diversity jurisdiction).

As explained further below, courts have repeatedly recognized that the University is an arm of the state of Washington for purposes of immunity under the Eleventh Amendment. Those holdings are dispositive and provide enough, without more, for the Court to remand this action and grant the University its fees for having to respond to an ill-advised removal. However, should the Court decide to undertake an analysis of the factors for Eleventh Amendment immunity, the result is the same. There is no diversity of citizenship in this action.

### 1. Washington Supreme Court, Ninth Circuit, and Western District of Washington precedent establish that the University is an "arm or alter ego" of the state of Washington.

As the Ninth Circuit and Washington Supreme Court have repeatedly recognized, the University is an arm of the state of Washington. *See, e.g.*, *Hontz v. State*, 105 Wn.2d 302, 310, 714 P.2d 1176, 1180 (1986) (holding that, because the University is an arm of the state, a medical center operated and managed by the University is also an arm of the state and therefore a suit against the medical center was "a suit against the State and cannot, therefore, be maintained"); *see also Eguizabal v. Univ. of Wash.*, 127 F.3d 1104 (9th Cir. 1997) (upholding dismissal of claims against the University "because, as an arm of the state, the University of Washington was immune from suit"); *Aldrich v. Knab*, 36 F.3d 1102 (9th Cir. 1994) ("The University of Washington is an arm of the state."); *Spaulding v. Univ. of Washington*, 740 F.2d 686, 694 (9th Cir. 1984) (upholding dismissal of a section 1983 claim against the University on Eleventh Amendment immunity grounds), *overruled on other grounds by Atonio v. Wards Cove Packing Co.*, 810 F.2d 1477 (9th Cir. 1987); *Goodisman v. Lytle*, 724 F.2d 818, 820 (9th Cir. 1984) (implying that the University was immune as an arm of the state).

This Court has also repeatedly reached the same result. *See Marquez v. Harborview Med. Ctr.*, No. C16-1450RSM, 2018 WL 741321, at *9 (W.D. Wash. Feb. 7, 2018) (dismissing a claim

PLAINTIFF'S MOTION TO REMAND - 5
159076336.5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

against a medical center operated and managed by the University because it constituted a suit against the state), *aff'd*, 770 F. App'x 789 (9th Cir. 2019); *Robinson v. Univ. of Washington*, No. C15-1071RAJ, 2016 WL 4218399, at *8 (W.D. Wash. Aug. 9, 2016) ("Courts in this judicial district have noted that state universities—including the University [of Washington] —are an arm of the state . . . ."), *aff'd*, 691 F. App'x 882 (9th Cir. 2017); *Lindsay v. Sockey*, No. C15-47-MJP, 2015 WL 3473475, at *3 (W.D. Wash. June 2, 2015) ("The University of Washington is an arm of the state for purposes of the Eleventh Amendment."); *Debbs v. Harborview Med. Ctr.*, No. C12-479-JLR-JPD, 2012 WL 4089900, at *1 (W.D. Wash. Aug. 21, 2012) ("The Washington Courts have recognized that [a medical center operated and managed by the University] is a division of the University of Washington and is therefore an arm of the state."), *report and recommendation adopted*, No. C12-479-JLR-JPD, 2012 WL 4089899 (W.D. Wash. Sept. 17, 2012). Likewise, the Eastern District of Washington recently came to the same conclusion as to Washington State University in a COVID-related property coverage case where the insurer was represented by the same law firm representing Insurer here. *Washington State Univ. v. Factory Mut. Ins. Co.*, No. 2:21-CV-0243-TOR, 2021 WL 4972450, at *2 (E.D. Wash. Oct. 26, 2021) ("[T]he Court finds that [Washington State University] is an arm of Washington State . . . .").

The overwhelming majority of federal courts nationwide have reached similar results for other universities and their governing boards. *See, e.g.*, *Regents of the Univ. of California v. Doe*, 519 U.S. 425, 431 (1997) (holding that the Regents of the University of California is an arm of the state); *Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007) ("We have held that a state university is an arm of the state entitled to Eleventh Amendment immunity."); *Ansel Adams Publ'g Rts. Tr. v. PRS Media Partners, LLC*, 502 F. App'x 659, 660 (9th Cir. 2012) (affirming the trial court's conclusion that the University of Arizona is entitled to Eleventh Amendment immunity); *Maryland Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 265 (4th Cir. 2005) (holding that removal to federal court was improper because the university was an "alter ego" of the state and therefore not a citizen of the state for purposes of diversity jurisdiction); *Ronwin*, 657 F.2d at 1073 (holding that

PLAINTIFF'S MOTION TO REMAND - 6
159076336.5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

the Board of Regents of Universities and State Colleges of Arizona "is not a 'citizen' within the meaning of 28 U.S.C. § 1332" and noting that this holding "is in accord with other opinions that have considered whether a state university is an arm of the state"); *University of Idaho v. Great American Ins. Co., Inc.*, No. CV 05-220, 2005 WL 2367538, at *6 (D. Idaho Sept. 27, 2005) (holding that the University of Idaho is "an arm of the State of Idaho for diversity purposes" such that the court lacked subject matter over the coverage dispute between the university and its insurer . . ."; noting that this decision with "[t]he majority of cases addressing the question" of whether a state university is an arm of its "respective state government[]"); *Krieger v. Trane Co.*, 765 F. Supp. 756, 763 (D.D.C. 1991) (dismissing claims against a university Board of Trustees for lack of subject matter jurisdiction because the Board is an arm of the District of Columbia government).

### 2. Under the Eleventh Amendment immunity test, the University is an "arm or alter ego" of the state.

This Court can, and should, conclude that the University is an arm of the state of Washington based solely on prior precedent. Should the Court apply the Ninth Circuit's test for determining alter ego status, however, the result is the same; the University is an arm of the state of Washington. Under the Ninth Circuit test, courts should look at the following factors, with the first factor being considered the "most crucial": (1) whether a money judgment against the entity would be satisfied out of state funds; (2) whether the entity performs a central government function; (3) whether the entity may sue or be sued; (4) whether the entity can buy and sell property in its own name; and (5) the corporate status of the entity. *Jackson v. Hayakawa*, 682 F.2d 1344, 1350 (9th Cir. 1982).

The first and most significant factor weighs in favor of the University's status as an arm of the state because any money judgments against the University would be paid out of the Washington state treasury. *See* RCW 4.92.130 (liability account created by the state legislature for payment of judgments against state); RCW 28B.10.842 (actions against regents or agents of higher education

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

institutions, including the University, may be paid for out of liability account under RCW 4.92.130).

The second factor also supports finding that the University is an arm of the state because the University performs a central government function as an institution of higher education. *See Competitive Techs. v. Fujitsu Ltd.*, 286 F.Supp.2d 1118, 1133 (N.D. Cal. 2003) (noting that "the cases that have addressed the issue have held, almost uniformly, that the provision of higher education is an essential governmental function" for purposes of Eleventh Amendment immunity).

Although the third factor (whether the entity can sue and be sued) weighs against the University since it can sue and be sued in its own name, courts have increasingly accorded this factor little significance. *See Washington State Univ.*, 2021 WL 4972450, at *2 ("[T]he fact the University has the power to sue and be sued has lost its import as persuasive evidence of a university's status as independent from or an alter ego of the state.") (quoting *Univ. of Idaho v. Great Am. Ins. Co.*, No. CV 05-220, 2005 WL 2367538, at *5 (D. Idaho Sept. 27, 2005)).

The fourth factor looks at whether the entity can buy and sell property in its own name, and this factor weighs in favor of the University. The University property may not be offered for sale except by legislative directive or with consent of the Board of Regents, with almost all the members of the Board being appointed by the governor with consent of the state senate. *See* RCW 79.11.010; 28B.20.100.

Finally, the fifth factor (the corporate status of the entity) supports the conclusion that the University is an arm of the state. The majority of the University's Board of Regents are appointed by the governor with consent of the state senate. RCW 28B.20.100. The Ninth Circuit has held that a statutory scheme in which most members of a university board are appointed by the governor is persuasive evidence that a state university, acting through its Board of Regents, is an arm of the state. *See Rutledge v. Arizona Bd. of Regents*, 660 F.2d 1345, 1349-50 (9th Cir. 1981), *abrogated on other grounds by Haygood v. Younger*, 769 F.2d 1350, 1356 (9th Cir. 1985); *see also Kashani v. Purdue Univ.*, 813 F.2d 843, 847 (7th Cir. 1987) (finding it "[v]ery significant" for the "arm of

PLAINTIFF'S MOTION TO REMAND - 8
159076336.5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

the state" analysis that the majority of Purdue's Board of Trustees are appointed by the Indiana governor"); *Harden v. Adams*, 760 F.2d 1158, 1163 (11th Cir.), *cert. denied*, 474 U.S. 1007 (1985) (noting that Troy State University's Board of Trustees "is composed in part of state officials and in part of gubernatorial appointees" and concluding that the university was an instrumentality of the state subject to Eleventh Amendment immunity).

These factors, taken together, all strongly support the conclusions reached by many other courts that the University is an arm of the state of Washington.

B.  **The University is the Real Party in Interest in This Litigation.**

The presence of a state entity, such as the University in an action defeats diversity jurisdiction unless the University "has no real interest in the controversy" and instead asserts a general governmental interest on behalf of the state. *See Lucent*, 642 F.3d at 737. Courts must "look behind the pleadings" and identify the "real party in interest" to determine if a state, or the state entity, has a concrete interest in the controversy. *Miss. ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 174-75 (2014). If the state entity has a "specific, concrete" interest in the outcome of the litigation, then its presence defeats diversity jurisdiction. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 670 (9th Cir. 2012). The relief sought must "inure[ ] to [the state entity] alone." *Lucent*, 642 F.3d at 737.

Here, the University is the real party in interest. The University seeks coverage for its losses under Policies to which it is the insured. The University's interest in the outcome of this dispute is therefore "specific" and "concrete" and arises out of its status as party to a contract with Insurer.

V.  **COSTS AND FEES**

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." A court's decision to award fees for improper removal "should turn on the reasonableness of the removal" and whether "the removing party lacked an objectively reasonable basis for seeking

PLAINTIFF'S MOTION TO REMAND - 9
159076336.5

removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005); *see also Hawkins v. Ace Am. Ins. Co.,* No. 221CV01459RAJBAT, 2022 WL 2276471, at *7 (W.D. Wash. Jan. 10, 2022) (awarding attorneys' fees because the court "found no tangible support" for the insurer's improper removal), *report and recommendation adopted*, No. 21-CV-01459-RAJ, 2022 WL 2275414 (W.D. Wash. June 22, 2022). In considering the reasonableness of the improper removal, courts look at the degree of clarity in the relevant law at the time of removal and whether a reasonable litigant in the position of the defendant could have fairly concluded that removal to federal court was proper. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 552 (9th Cir. 2018) (affirming the district court's award of costs and attorneys' fees and holding that "the degree of clarity in the relevant law at the time of removal is a relevant factor in determining whether a defendant's decision to remove was reasonable").

Insurer's removal to this Court was improper, unreasonable, and against controlling law. At the time of Insurer's removal, courts had repeatedly recognized that the University was an arm of the state of Washington. The Eastern District of Washington recently remanded an insurance coverage dispute involving the other major public university in Washington, Washington State University ("WSU"), after its insurer (represented by the same counsel as Insurer in this litigation) improperly removed the case to federal court on the basis of diversity of citizenship. *See* Dkt. 1, Notice of Removal, *Washington State Univ. v. Factory Mut. Ins. Co.*, No. 2:21-CV-0243-TOR (E.D. Wash. Aug. 12, 2021). In the WSU litigation, the court granted WSU's motion to remand, finding that WSU, like the University, is an arm of the state. *Washington State Univ.*, 2021 WL 4972450, at *2-3.

Counsel for the University met and conferred with counsel for Insurer on October 21, 2022 prior to removal explaining that it was unlawful because the University is an arm of the state of Washington and, as such, is not a "citizen" of Washington or any other state for purposes of diversity jurisdiction. *See* Declaration of James M. Davis at 6. Insurer removed anyway. No reasonable litigant represented by a firm that recently briefed and lost the exact issue present in

PLAINTIFF'S MOTION TO REMAND - 10
159076336.5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

this Motion would have believed that removal was reasonable in light of the established and binding precedent regarding the citizenship status (or lack thereof) of the University, similar public institutions in the state of Washington, and of public universities more broadly. Insurer's improper removal was without any support and the University is entitled to recover its costs and attorneys' fees incurred in relation to this Motion currently in the amount of $23,334.66. *See* Declaration of James M. Davis at 7-11.

## VI. CONCLUSION

Because the University is not a citizen of the state of Washington for purposes of diversity jurisdiction, this Court lacks subject matter jurisdiction over this dispute. The University respectfully requests that this Court grant its Motion to Remand back to Superior Court and, pursuant to 28 U.S.C. § 1447(c), award the University its costs and attorneys' fees currently incurred in the amount of $23,334.66 because of the improper removal.

PLAINTIFF'S MOTION TO REMAND - 11
159076336.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Respectfully submitted,

Dated: November 18, 2022       *s/ James M. Davis*
_____

**Perkins Coie LLP**
James M. Davis, WSBA No. 32696
Andrew Greene, WSBA No. 35548
J. Camille Fisher, WSBA No. 41809
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone +1.206.359.8000
Facsimile +1.206.359.9000
JamesDavis@perkinscoie.com
AGreene@perkinscoie.com
CFisher@perkinscoie.com

Bradley H. Dlatt (*pro hac vice to be filed*)
110 North Wacker Drive, Suite 3400
Chicago, IL 60606-1511
Telephone: +1.312.324.8400
Facsimile: +1.312.324.9400
BDlatt@perkinscoie.com

*Attorneys for Plaintiff The Board of Regents of The University of Washington*

PLAINTIFF'S MOTION TO REMAND - 12
159076336.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2022, I electronically filed the *Plaintiff's Motion to Remand* with the Clerk of the Court using CM/ECF system, which will send notification of such filing to the parties registered in the Court CM/ECF system.

DATED this 18th day of November, 2022.

s/ James M. Davis

CERTIFICATE OF SERVICE - 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

159076336.5