THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THE BOARD OF REGENTS OF THE
UNIVERSITY OF WASHINGTON,

              Plaintiff,

     v.

EMPLOYERS INSURANCE
COMPANY OF WAUSAU, A
LIBERTY MUTUAL COMPANY,

              Defendant.

CASE NO. 2:22-cv-01538-RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the Court on Plaintiff's Motion to Remand. Dkt. # 12. Plaintiff seeks to have this matter remanded to King County Superior Court and an award of attorney's fees and costs. *Id.* Defendant opposes this motion and requests oral argument.[1] Dkt. # 14. The Court has reviewed the briefing submitted and is fully

---

[1] This motion may be decided without oral argument. *See* LCR 7(a)(4).

ORDER- 1

1  informed. For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion to
2  Remand.

3

4                      **II.    BACKGROUND**

5         Plaintiff, the Board of Regents of the University of Washington ("Plaintiff" or the
6  "University") filed a complaint against Wisconsin-based Defendant Employers Insurance
7  Company of Wasuau ("Employers" or "Defendant") for breach of contract, a declaratory
8  judgment pursuant to RCW 7.24.010, *et seq*, and damages for the breach of duty of good
9  faith and fair dealing under Washington's Consumer Protection Act (WCPA) and the
10 Insurance Fair Conduct Act (IFCA). Dkt. # 1-2 (Complaint). The parties' dispute
11 concerns whether insurance policies issued by Employers cover the University's alleged
12 losses experienced by UW medical and athletic properties arising out of the COVID-19
13 pandemic. *Id.* ¶ 1. The case was filed on October 20, 2022 in King County Superior
14 Court. *Id.* On October 28 Defendant filed its notice of removal based on diversity
15 jurisdiction pursuant to 28 U.S.C. § 1332(a). Dkt. # 1-1. Defendant alleges that complete
16 diversity exists because Plaintiff is a "citizen of the State of Washington," and Defendant
17 Employers is a corporation organized under the laws of Wisconsin with its principal
18 place of business in Massachusetts, and therefore a citizen of Wisconsin and
19 Massachusetts for jurisdictional purposes. *Id.* at 2. Further, Defendant alleges that the
20 amount in controversy exceeds $75,000. *Id.*

21        On November 12, 2022, Plaintiff filed the instant motion to remand. Dkt. # 12.
22 While Plaintiff does not contest that the amount in controversy well exceeds $75,000, *see*
23 Dkt. # 1-2, ¶ 1, Plaintiff argues that no federal diversity jurisdiction exists because the
24 University is not a citizen of Washington for the purpose of diversity jurisdiction. Dkt. #
25 12.

26

27

ORDER- 2

### III.    LEGAL STANDARD

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. 28 U.S.C. § 1332(a). A defendant may remove a civil action brought in a state court of which the district courts have original jurisdiction. 28 U.S.C. § 1441(a). There is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). To protect the jurisdiction of state courts, removal jurisdiction is strictly construed in favor of remand, and any doubt as to the right of removal must be resolved in favor of remand. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005); *Gaus*, 980 F.2d at 566. The party seeking a federal forum has the burden of establishing that federal jurisdiction is proper. *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006). Here, the parties' core dispute is whether Plaintiff is an "arm or alter ego of the State" or a citizen of Washington for the purposes of 28 U.S.C. § 1332(a).

### IV.    DISCUSSION

#### A.) Diversity Jurisdiction

Plaintiff argues that no diversity jurisdiction exists amongst the parties because the University, as an "arm or alter ego" of the State of Washington, cannot be a citizen for diversity jurisdiction purposes. Dkt. # 12 at 4. Employers argues that the University is instead a citizen of the State, "like any other corporate entity," thereby granting this court diversity jurisdiction. Dkt. # 14 at 2.

A state is not a citizen for the purposes of diversity jurisdiction. *Moor v. Cty. of Alameda*, 411 U.S. 693, 717 (1973); *see also Fifty Associates v. Prudential Ins. Co. of America*, 446 F.2d 1187, 1191-92 (9th Cir. 1970) (collecting cases). However, a "political subdivision" of a state is a citizen of the state for diversity purposes, unless the entity is an "arm or alter ego of the State." *Id.* (citations omitted). This rule is rooted in the principle that "corporations are citizens of the State in which they are formed and are subject as such to the diversity jurisdiction of federal courts." *Id.* (citations omitted). In

determining whether a state agency is an a "alter ego" of the state or an independent

agency, the "essential" question is whether the state is the real party in interest in the

lawsuit. *University of Idaho v. Great American Ins. Co., Inc.*, No. CV 05-220, 2005 WL

2367538, at *2 (D. Idaho Sep. 27, 2005) (citing *Moor*, 411 U.S. at 716; *Ronwin v.*

*Shapiro*, 657 F.2d 1071, 1073 (9th Cir. 1981)).

   As the University notes, courts in this district have repeatedly found the University

of Washington to be an "arm of the State." *Spaulding v. University of Washington,* 740

F.2d 686, 694 (9th Cir. 1984) (District court lacked jurisdiction over Section 1983 claim

because the University of Washington is an agency of the State of Washington),

*overruled on other grounds by Atonio v. Wards Cove Packing Co.*, 810 F.2d 1477 (9th

Cir. 1987); *Robinson v. University of Washington*, No. C15-1071-RAJ, 2016 WL

44218399, at *8  (W.D. Wash. Aug. 9, 2016) ("Courts in this judicial district have noted

that state universities—including the [University of Washington]—are an arm of the state

entitled to Eleventh Amendment immunity."), *aff'd*, 691 Fed. App'x 882 (9th Cir. 2017);

*Marquez v. Harborview Medical Center*, No. C16-1450-RSM, 2018 WL 741321, at * 9

(W.D. Wash. Feb. 7, 2018) (finding that Harborview Medical Center, operated and

managed by the University of Washington, was a state agency and therefore an "arm of

the state" for purposes of a Section 1983 claim). And here, the University is the true party

in interest. It does not assert a "general governmental interest" on behalf of the state of

Washington, but instead has an interest in collecting on policies that cover the

University's medical and athletic properties. *See* Dkt. # 1-2; *see also Dep't of Fair Emp.*

*And Hous. v. Lucent Tech.*, 642 F.3d 728, 737 (9th Cir. 2011) ("[T]he mere presence on

the record of the state as a party plaintiff will not defeat the jurisdiction of the Federal

court when it appears that the state has no real interest in the controversy…. [A] State's

presence in a lawsuit will defeat jurisdiction under 28 U.S.C. § 1332(a)(1) only if the

relief sought is that which inures to it alone, and in its favor the judgment or decree, if for

the plaintiff, will effectively operate") (citations omitted).

ORDER- 4

However, Defendant argues that the five-factor test applied in the Ninth Circuit to determine whether an entity is an "arm of the state" for Eleventh Amendment immunity purposes weighs against characterizing the University as an arm of the State of Washington. *Id.* The Court disagrees. "The Ninth Circuit stated that a 'similar rule' [to Eleventh Amendment Immunity] controls the determination of diversity jurisdiction." *Washington State University v. Factory Mut. Ins. Co.*, No. 2:21-CV-0243-TOR, 2021 WL 4972450, at *2 (E.D. Wash. Oct. 26, 2021) (quoting *Ronwin*, 657 F.2d at 1073). This "five-factor balancing test to determine whether an entity is a state agency for Eleventh Amendment immunity purposes" includes: (1) whether a money judgment would be satisfied out of state funds; (2) whether the entity performs central governmental functions; (3) whether the entity may sue or be sued; (4) whether the entity has the power to take property in its own name or only the name of the state; and (5) the corporate status of the entity. *Befitel v. Global Horizons, Inc.*, 461 F.Supp.2d 1218, 1222 (D. Haw. 2006) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1350 (9th Cir. 1982)); *see also Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988) (setting forth similar test for Eleventh Amendment immunity).

As to the first factor, Defendant argues that because the University is the plaintiff in this matter (and therefore there is no possibility of a judgment being satisfied out of state funds), the State of Washington has no financial interest in this litigation. However, the University's status as plaintiff does not change the principle that underlies this analysis. The question of whether the State would be on the hook for satisfying a money judgment is of "considerable importance" when evaluating "the relationship between the state and the entity or individual being sued," and this does not change "even if the state will *not* be forced to pay funds from the state treasury as a result of the lawsuit." *University of Idaho*, 20015 WL 2367538, at *4 (emphasis in original) (internal citations omitted); *see also Competitive Tech. v. Fujitsu Ltd.*, 286 F.Supp.2d 1118, 1132-33 (N.D. Cal. 2003) ("[T]his inquiry is not a factual inquiry to determine where funds would

1   actually come from in the event that liability were established. Rather, the court looks to

2   whether a judgment would impose legal liability on the state."). Here, state law provides

3   that any money judgment against the University would be paid out of the Washington

4   treasury. *See* RCW 28B.10.842 (legislature established liability fund from which

5   payments against institutions of higher education are made). The University's

6   relationship with the State of Washington weighs in favor of Plaintiff as to the first factor.

7        The second factor weighs in favor of the University as well, because higher

8   education is a central government function. *See Competitive Tech.*, 286 F.Supp.2d at

9   1133-34 ("The cases that have addressed the issue have held, almost uniformly, that the

10   provision of higher education is an essential governmental function for the purposes of

11   Eleventh Amendment immunity analysis."). The third factor weighs against Plaintiff, as

12   the University may sue and be sued—just as it has done here. However, this factor "has

13   lost its import as persuasive evidence of a university's status as independent from or an

14   alter ego of the state." *Univ. of Idaho*, 2005 WL 2367538, at *5; *see also Competitive

15   Tech.*, 286 F. supp. 2d at 1134 ("[T]his factor is not dispositive."). The fourth factor also

16   weighs against the University as an arm of the state, as the University, though its Board

17   of Regents, has "full control of the university and its property of various kinds…" RCW

18   28B.20.130(1). However, the University points out that much like the plaintiff in *Univ. of

19   Idaho*, the University heavily relies on appropriations from the State of Washington for

20   its operations, including the purchase of property. 2005 WL 2367538, at *5. And the fifth

21   factor weighs in favor of the University as an arm of the state, as a majority of members

22   of the Board of Regents are appointed by the governor with the consent of the senate.

23   RCW 28B.20.100; *see also Rutledge v. Arizona Bd. of Regents*, 660 F.2d 1345, 1349 (9th

24   Cir. 1981) (upholding district court finding that suit against Arizona Board of Regents

25   and Arizona State University should be considered a suit against the state), *abrogated on

26   other grounds by Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858 (9th

27   Cir. 2016).

ORDER- 6

1    This Court, therefore, finds that the University is an "arm of the state" for the

2    purposes of diversity jurisdiction. This "is consistent with other circuits that have

3    addressed the question of whether a state university is an arm of the state," because a

4    "majority of cases addressing the question have held that these institutions are arms of

5    their respective state governments." *Univ. of Idaho*, 2005 WL 2367538, at *5. Defendant

6    gives this Court no reason to depart from established Ninth Circuit precedent, and this

7    case should be remanded to King County Superior Court.

8    **B.) Costs and Fees**

9    Plaintiff seeks attorney's costs and fees pursuant to 28 U.S.C. § 1447(c), arguing

10   that Defendant had an "objectively unreasonable basis for seeking removal." *Martin v.*

11   *Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).  "Removal is not objectively

12   unreasonable 'solely because the removing party's arguments lack merit, or else

13   attorney's fees would always be rewarded whenever remand is granted." *Grancare, LLC*

14   *v. Thrower by and through Mills*, 889 F.3d 543, 552 (9th Cir. 2018) (quoting *Lussiser v.*

15   *Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008)). Here, although there is

16   "substantial precedent" establishing that the University's Board of Regents is an arm of

17   the state, *University of Idaho*, 2005 WL 2367538, at *6, and a recent case addressing this

18   same issue in regards to our state's other flagship university was litigated by the same

19   law firm, *see Washington State University*, 2021 WL 4972450, "the Court cannot say

20   Defendant's basis for removal—that [UW] is a political subdivision for diversity

21   purposes—was objectively unreasonable." *Washington State University*, 2021 WL

22   4972450 at *3. However, the Court notes that Defendant's counsel has creatively

23   attempted to circumvent settled law more than once. While the Court declines to exercise

24   its discretion to award attorney's fees at this juncture, the outcome may not be the same

25   in the future.

26

27

### V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand. Dkt. # 12.  Plaintiff's request for attorney's fees and costs is **DENIED.**

DATED this 31st day of July, 2023.

The Honorable Richard A. Jones
United States District Judge

ORDER- 8